**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| PINK ROBINSON, )<br>)<br>        Petitioner, )<br>vs. )    1:06-cv-1498-SEB-JMS<br>)<br>BILL WILSON, )<br>        Respondent.¹ ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

     In a prison disciplinary proceeding identified as No. ISR 06-08-0012, Pink Robinson was found guilty of violating prison rules by committing battery. The evidence supporting this determination was that Robinson and an accomplice attacked another inmate. Contending that the proceeding is tainted by constitutional error, Robinson seeks a writ of habeas corpus. Because the court finds, however, that there was no error of that nature, Robinson's habeas petition must be **denied.** This conclusion rests on the following facts and circumstances:

     1.    Robinson is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Robinson was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

---

     ¹The petitioner's current custodian, named in his official capacity only, is **substituted** as the sole respondent in this action.

2. Under *Wolff* and *Hill,* Robinson received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Robinson was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of his findings, and (3) the conduct board issued a written reason for its decision and for the sanctions imposed.

3. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Robinson to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. This includes his claims that he was denied evidence without explanation, that the charge he faced was based on "inadmissible evidence," that the Report of Investigation which accompanied the conduct report was not prepared in accordance with the timelines of prison regulations, and that the conduct report contains "contradictions" as to the date of the incident and the date Robinson was placed on administrative hold. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/10/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana